Larry Arnold Bowles v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-338-CR

 EX PARTE LARRY ARNOLD BOWLES
 
 

From the 85th District Court
Brazos County, Texas
Trial Court # 50,214-85
                                                                                                                

DISSENTING OPINION
                                                                                                                

      The appellant ask us to reduce his bail to the amount the evidence shows he can afford to pay. 
At a very brief hearing evidence of only some of the elements listed in Code of Criminal
Procedure Art. 17.15 was presented. The trial court refused to reduce the amount of bail. Based
upon the record before us and the factors to be considered by the trial court, I find no abuse of
discretion. Accordingly, I respectfully dissent.
      The comparison of the amounts of bail set in one case versus another is very difficult for a
reviewing court and should be done with great caution. First, the record in the other cases are
obviously not in front of us and we have no evidence in this record regarding whether or not the
allegations of the alleged offenses are comparable. Second, the defendant in this case wants us
to compare his bail to the amount of bail on charges of capital murder and other violent crimes. 
The defendant argues the alleged offenses committed against children were not violent crimes. 
I disagree. Lastly, the defendant argues that the nature of the alleged offenses suggest that the bail
should be less than bail for what he characterizes as violent crimes. Again, I must disagree. 
Another, and more important aspect of the nature of the crime is the likelihood of repetition on
the same or new victims. Crimes of a sexual nature committed against children are generally
conceded as being of a repetitive nature. This is the general theory behind the sexual predator
laws. Accordingly, on the weighing of factors such as nature of the offense and protection of the
victim and community, the trial court should be accorded wide latitude. After all, it is the trial
court that has the entire file regarding the alleged offenses, the contents of which he can take
judicial notice, and can observe the demeanor of the witnesses with an eye towards evaluating their
credibility.
        I would not hold that the trial court abused its discretion by failing to reduce bail to the
amount the defendant could afford to pay or to any other amount less than that at which it was set.


 
I would affirm the trial court’s determination of bail.
 
                                                                       TOM GRAY
                                                                       Justice

Opinion delivered and filed November 24, 1999
Do not publish